IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ALVIN L. SUTHERLIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00037 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LIEUTENANT J.W. SMITH, SERGEANT | ) | By: Hon. Jackson L. Kiser |
| H.S. RICHARDSON, OFFICER N.M. | ) |     Senior United States District Judge |
| SLOVER, OFFICER M.C. PACE, | ) | |
| OFFICER R.C. LANDRUM, OFFICER | ) | |
| D.C. LANCASTER, OFFICER W.C. | ) | |
| SHIVELY, OFFICER W.R. MERRILL, | ) | |
| OFFICER J.D. DIXON, and OFFICER L.D. | ) | |
| LAND, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Reconsider [ECF No. 153], which addresses the judgment entered for Defendants after the bench trial on July 11, 2016, [ECF No. 151] and one of the Magistrate Judge's Orders [ECF Nos. 121, 107, 90][1] on one of Plaintiff's Motions to Compel and to Sanction [ECF Nos. 109, 108, 98, 84, 80]. For the reasons stated herein, I hereby **DENY** Plaintiff's Motion.[2]

A.  The Magistrate Judge's Discovery Order

In this case, I referred "[a]ll pretrial discovery motions and issues" to the Magistrate Judge. (Pretrial Order ¶ 8, Nov. 5, 2015 [ECF No. 9].) See also 28 U.S.C. § 636(b)(1)(A). These are nondispositive matters. "[A] Magistrate Judge's ruling on a 'nondispositive matter' must be objected to within fourteen days." DietGoal Innovations LLC v. Wegmans Food Markets, Inc., 993 F. Supp. 2d 594, 598 (E.D. Va. 2013); see also United States v. Blackledge, 751 F.3d 188,

---

[1] Plaintiff omits the docket number.

[2] There is no occasion for oral argument. Also, Plaintiff brings forward insufficient basis for a stay.

208 (4th Cir. 2014). Whichever of the Magistrate Judge's Orders Plaintiff's Motion opposes, the challenge is untimely and will not be considered.

B. <u>Trial Rulings</u>

Insofar as Plaintiff's Motion addresses my trial rulings, I treat the Motion as one under Rule 59(e).

> "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." . . . [T]he Fourth Circuit has recognized three grounds on which a district court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice." "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."

<u>Wilson v. Dollar Gen. Corp.</u>, No. 4:11-CV-00024, 2012 WL 1144616, at *2 (W.D. Va. Apr. 5, 2012) (citation omitted) (quoting <u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998)).

I read Plaintiff's Motion and supporting Memorandum to argue under several subjects, including

- exculpatory evidence for his state criminal trial,
- testimony at his state criminal trial,
- the facts addressed at this case's bench trial,
- the warrant's "all persons" language in relation to the Rooming House,
- whether the plant material found at the Rooming House was marijuana,
- whether Plaintiff dealt marijuana, and
- the Exclusionary Rule.[3]

Plaintiff's arguments do not address any appropriate reasons for reconsideration; in other words, he invokes no "intervening change in controlling law;" no "new evidence not available at trial;"

---

[3] I note that the Motion and Memorandum address some factual matters that did not come into evidence at trial. They also address some issues immaterial to Plaintiff's action as it has been put before the Court. (<u>Cf.</u> Mem. Op. at pg. 1 n.1, Aug. 5, 2016 [ECF No. 151].)

and no "clear error of law" or "manifest injustice." <u>See</u> <u>Wilson</u>, 2012 WL 1144616, at *2 (quoting <u>Pac. Ins. Co.</u>, 148 F.3d at 403). He merely rehashes matters already decided or raises matters never submitted to the Court. Rule 59(e) does not envision a motion serving these ends.

The clerk is directed to forward a copy of this Order to Plaintiff and to Defendants' counsel of record.

Entered this 18th day of August, 2016.


s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE